UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

COSTA BROTHERS MASONRY, INC.
Plaintiff

v. C.A. No. 02-381(S)

PROMAC, INC. and
UNITED STATES FIDELITY AND
GUARANTY COMPANY
Defendants

**MOTION OF ATTORNEY KIRWAN TO WITHDRAW AS COUNSEL FOR PROMAC, INC.**

NOW COMES Charles S. Kirwan, the undersigned attorney of record for Promac, Inc. and hereby moves for an order of this Honorable Court granting the undersigned permission to withdraw as counsel from further representation of Promac, Inc. and its principal owner Anthony A. Geruso, Promac's President. As required by Local Rule 12(a)(1), the requisite supporting memorandum is filed herewith.

To avert unnecessary delay, to preempt vexatious and sophomoric gamesmanship on the part of Anthony A. Geruso, and to limit prejudice to the schedules of the Court, and the interested parties, should the Court not Grant this motion sua sponte, its is respectfully requested that the Court's scheduling Order concerning this motion, expressly direct Promac President Anthony A. Geruso and Promac Treasurer Maureen J. Myette to attend any such hearing.

**WHEREFORE**, the undersigned counsel hereby requests that he be allowed instantly to withdraw from any further representation of Promac, Inc. and Anthony A. Geruso in this action.

Respectfully submitted,

CHARLES S. KIRWAN & ASSOCIATES

Charles S. Kirwan (4050)
204 King Philip Street
Providence, RI 02909
(401) 272-6800
(401) 272-6875 (fax)

## CERTIFICATION

I, Charles S. Kirwan, hereby certify that on this 2nd day of December 2005, I caused a true and complete copy of the foregoing to be mailed first class, postage prepaid to the following counsel of record in this action and to Promac's named corporate officers:

Amato J. Bocchino, Esquire
BERNKOPF, GOODMAN & BASEMAN LLP
125 Summer Street
Boston, MA 02110-1621

Thomas W. Heald, Esquire
HEALD & ASSOCIATES
58 Weybosset Street
Providence, RI 02903

Maureen J. Myette
29 New York Avenue
Cumberland, RI 02864

Albert R. Romano, Esquire
Jules J. D'Alessandro, Esquire
ROMANO, SPINELLA,
D'ALESSANDRO & WRIGHT
1000 Smith Street
Providence, RI 02903

Promac, Inc. (Via Fax 765-5780)
c/o Anthony A. Geruso, President
c/o Maureen J. Myette, Treasurer
23 Clinton Street
Woonsocket, RI 02895

Anthony A. Geruso
286 Sage Trail
North Kingstown, RI 02852

Daniel S. Crocker, Esquire
PARTRIDGE, SNOW & HAHN
180 South Main Street
Providence, RI 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

COSTA BROTHERS MASONRY, INC.
Plaintiff

v. C.A. No. 02-381(S)

PROMAC, INC. and
UNITED STATES FIDELITY AND
GUARANTY COMPANY
Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ATTORNEY KIRWAN TO WITHDRAW AS COUNSEL FOR PROMAC, INC.**

NOW COMES Charles S. Kirwan, the undersigned attorney of record for Promac, Inc. and hereby moves for an order of this Honorable Court granting the undersigned permission to withdraw as counsel from further representation of Promac, Inc.

This action relates to the following actions pending in Providence County Superior Court, all of which together with this action arise out of the public works construction project between Promac. Inc. and the Woonsocket Education Department on which project Plaintiff Costa Brothers Masonry, Inc. served as Promac's masonry subcontractor:

Woonsocket Ed. Dept. v. USF&G, Promac, Inc., et al, C.A. PC No. 05-722

Woonsocket Ed. Dept. v. USF&G, Promac, Inc., et al, C.A. PC No. 05-1831

Promac, Inc. v. Thomas Lonardo & Associates, Inc., Commonwealth Land Surveyors, Inc., Commonwealth Engineers & Consultants, Inc., and A. Autiello Construction Co., Inc., C.A. No. PC 03-3967

Promac, Inc. and Anthony A. Geruso v. Susan D. Menard, Individually and in her Official Capacity As The Mayor Of Woonsocket, The City Of Woonsocket, Carol A. Touzin, Its Treasurer, C.A. No. PC 04-4975

Anthony A. Geruso is the principal owner of Promac, Inc. The instant motion is warranted by the gross and abusive refusal of Promac by and through Geruso to pay or make suitable payment

arrangements with Promac's undersigned counsel of record for extremely valuable and time consuming legal services rendered despite near total victory in all procedural disputes and all proceedings on the merits. In various Superior Court proceedings dating back to May 19, 2005, Promac and Geruso acknowledged in open court, on the record, the need to secure substitute counsel.

In the course of the two prior hearings before Superior Court Justice Procaccini concerning the undersigned's prior motions to withdraw, on May 19, 2005 and June 13, 2005, Mr. Geruso acknowledged to the Court the need on the part of Promac. Geruso and other Promac/Geruso related entities to secure substitute counsel in all pending matters. Additional hearings on the undersigned's motions to withdraw were heard on July 18, 2005 and November 30, 2005.

While the Promac parties have secured substitute counsel with respect to the twin arbitration confirmation cases worth approximately $5,000,000.00 to $6,000,000.00 to Promac and Geruso, Promac and Geruso, on information and belief, have done little or nothing to secure substitute counsel for this action other the other above-referenced actions.

As grounds for this Motion and in support thereof, the undersigned hereby states that there has been an irremediable breakdown between the undersigned counsel and his former clients. All attempts to remedy this breakdown have failed and the undersign counsel hereby states that any further attempt to remedy the situation would be fruitless.

Specifically, Promac and Geruso have committed several different material breaches of the attorney-client relationship. While the critical nature of other material breaches by Promac and Geruso contributed to the decision of the undersigned counsel to terminate the attorney-client

relationship, it is respectfully submitted that the identification of one obvious material breach ought now suffice.

After securing near-total victory for Promac and Geruso in the Arbitrators' December 22, 2004 Interim Award, worth approximately $5,000,000.00 to $6,000,000.00 to Promac and Geruso, in return, during all of 2005, Promac and Geruso have paid their successful undersigned counsel only a total of $3,000.00. Despite requests and demands for payment, and despite working several entire weeks in January, February, March, and April 2005 dedicated almost exclusively to the express litigation demands and obvious litigation requirements of Promac and Geruso, Promac and Geruso have refused to retire the undersigned's aging attorneys fee balance dating back to October-November 2004, refused to pay any amount to defray a mounting balance for new and expanded legal service rendered in 2005, and refused to make normal payments to the undersigned based upon "claims of poverty." Contrary to such "claims of poverty", Mr. Geruso found it possible, inter alia, to make a $37,000.00 lump sum payment to the American Arbitration Association in April 2005 as a deposit for the future services of the Arbitration Panel.

As noted, Promac and Geruso committed many other material breaches of the attorney-client relationship. As the record will reflect, Mr. Geruso, in his statements to Justice Procaccini in open Court on May 19, 2005, agreed that new counsel was necessary because he did not want an "adversarial" relationship with counsel. Mr. Geruso stands solely responsible for the adversarial character and break down of the attorney-client that stood as Promac's largest profit center for more than a decade. Promac and Geruso have not disputed and cannot honestly dispute **the undersigned's uncontroverted status as Promac's only significant profit center with respect to the sixteen year period 1992 – 2006.**

In 1992, Kirwan recovered $194,543 for Promac from a defaulting subcontractor, D Dixon Donovan. In 1993, Kirwan recovered $663,000 for Promac from the Newport Housing Authority for construction delays. In 1994, Kirwan recovered $595,000 for Promac from the University of Rhode Island for construction delays. In 1995, Kirwan recovered $361,000 for Promac from MHRH for construction delays. In 2004, Kirwan secured Promac and Geruso in the Arbitrators' December 22, 2004 Interim Award, worth approximately $5,000,000.00 to $6,000,000.00 to Promac and Geruso. It should be noted that the above historic profit center analysis is wholly uncontroverted, was provided to Promac on or about July 11, 2005 with respect to the July 18, 2005 motion to withdraw and Promac offered no counterstatement and should be deemed to have admitted Kirwan's status as Promac's only significant profit center with respect to the sixteen year period 1992 – 2006.

Promac and Geruso have had more than sufficient time (since not later than April 28, 2005) to secure substitute counsel in this action and ought not be allowed to further burden the undersigned with any case monitoring obligations. With respect to the undersigned's efforts to withdraw by order of the Superior Court in July 2005 and in November 2005, Promac and Geruso never objected but nevertheless repeatedly failed and refused to attend Court hearings. While Geruso has since offered other pretextual excuses, Geruso's personal assistant, qua Promac Treasurer, Maureen J. Myette on July 18, 2005 told the undersigned that Mr. Geruso would not attend the motion to withdraw hearing conducted on July 18, 2005 because Geruso had not been subpoenaed.

To avert unnecessary delay, to preempt vexatious and sophomoric gamesmanship on the part of Geruso and to limit prejudice to the schedules of the Court and the interested parties, should

the Court not Grant this motion sua sponte, its is respectfully requested that the Court's scheduling Order concerning this motion, expressly direct Promac President Anthony A. Geruso and Promac Treasurer Maureen J. Myette to attend any such hearing.

No interested party shall suffer any cognizable harm or detriment if the undersigned's motion to withdraw is now granted.

**WHEREFORE**, the undersigned counsel hereby requests that he be allowed instantly to withdraw from any further representation of Promac, Inc. and Anthony A. Geruso in this action.

Respectfully submitted,

CHARLES S. KIRWAN & ASSOCIATES

Charles S. Kirwan (4050)
204 King Philip Street
Providence, RI 02909
(401) 272-6800
(401) 272-6875 (fax)

**CERTIFICATION**

I, Charles S. Kirwan, hereby certify that on this 2nd day of December 2005, I caused a true and complete copy of the foregoing to be mailed first class, postage prepaid to the following counsel of record in this action and to Promac's named corporate officers:

Amato J. Bocchino, Esquire
BERNKOPF, GOODMAN & BASEMAN LLP
125 Summer Street
Boston, MA 02110-1621

Thomas W. Heald, Esquire
HEALD & ASSOCIATES
58 Weybosset Street
Providence, RI 02903

Maureen J. Myette
29 New York Avenue
Cumberland, RI 02864

Albert R. Romano, Esquire
Jules J. D'Alessandro, Esquire
ROMANO, SPINELLA,
D'ALESSANDRO & WRIGHT
1000 Smith Street
Providence, RI 02903

Promac, Inc. (Via Fax 765-5780)
c/o Anthony A. Geruso, President
c/o Maureen J. Myette, Treasurer
23 Clinton Street
Woonsocket, RI 02895

Anthony A. Geruso
286 Sage Trail
North Kingstown, RI 02852

Daniel S. Crocker, Esquire
PARTRIDGE, SNOW & HAHN
180 South Main Street
Providence, RI 02903

